**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4389**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS JUNIOR SHIELDS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Chief District Judge. (CR-03-312)

---

Submitted: April 15, 2005                    Decided: June 2, 2005

---

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Thomas Junior Shields was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1) & 924(e)(1) (West 2000 & Supp. 2004). The district court sentenced Shields under the federal sentencing guidelines to 120 months in prison. Shields timely appealed.

I.

Shields contends that the evidence was insufficient to support his conviction. A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all

contradictions in the testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).  The court reviews both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

The elements of a violation of § 922(g)(1) are that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting interstate commerce, because the firearm had travelled [sic] in interstate or foreign commerce." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).  Shields challenges only the second element of his § 922(g)(1) conviction.  The evidence presented at trial showed that Shields had obtained a firearm from an acquaintance in payment of a debt and had threatened a woman with the gun before ultimately leaving it at his daughter's house.  Several witnesses identified the shotgun introduced at trial as the weapon Shields had possessed.  No evidence was presented at trial countering this testimony.  We conclude that the evidence presented at trial was sufficient to permit a reasonable fact finder to conclude that Shields knowingly possessed the firearm.

II.

Next, Shields argues that the district court erred in denying his motion for a new trial based on newly discovered evidence. We review a district court's order denying a motion for a new trial under Fed. R. Crim. P. 33 for abuse of discretion. United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995).

In order to receive a new trial under Rule 33 based on newly discovered evidence, Shields must demonstrate that: (1) the evidence is newly discovered; (2) he has been diligent in uncovering it; (3) it is not cumulative or impeaching; (4) it is material to the issues involved; and (4) it would probably produce an acquittal. United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001) (citing United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993)). Defendants are generally expected to satisfy all five elements in order to receive a new trial. Fulcher, 250 F.3d at 249.

Shields argues that after trial but before sentencing he learned from a forfeiture specialist from the Bureau of Alcohol, Tobacco, Firearms, and Explosives that the shotgun he was accused of possessing had been destroyed before trial. The forfeiture specialist denied informing Shields that the shotgun had been destroyed, and several witnesses at trial testified that the shotgun presented at trial was the one that Shields had possessed.

Therefore, we find that Shields could not establish that the newly discovered evidence would have resulted in an acquittal.

## III.

Shields' sentence included an enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(4) (2003), based on the court's findings at sentencing that the firearm had an obliterated serial number, and an enhancement under USSG § 2K2.1(b)(5), based on the court's findings at sentencing that Shields used or possessed the firearm in connection with another felony. Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Shields argues for the first time on appeal that his sentence is unconstitutional because it was based on facts that were neither charged in the indictment nor proven beyond a reasonable doubt.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the federal sentencing guidelines scheme, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of its mandatory nature. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court).

Although Shields did not raise the Sixth Amendment challenge at sentencing, this court has held that a mandatory enhancement based on judicial factfinding supported by a preponderance of the evidence constitutes plain error warranting correction. <u>United States v. Hughes</u>, 401 F.3d 540, 546-48 (4th Cir. 2005).

In light of <u>Booker</u> and <u>Hughes</u>, we find that the district court plainly erred in sentencing Shields and that the error warrants correction. Therefore, although we affirm Shields' conviction, we vacate his sentence and remand for proceedings consistent with <u>Hughes</u>.[*] Shields' pro se motion to amend his appeal is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>

---

[*]Because Shields' mandatory guidelines sentence is vacated, at this time we decline to address Shields' challenge to the calculation of his criminal history under the guidelines.

- 6 -