**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4131**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

THOMAS JUNIOR SHIELDS,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-03-312)

———————

Submitted:  September 29, 2006      Decided:  October 25, 2006

———————

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Michael A.
DeFranco, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Thomas Junior Shields appeals his resentencing following this court's remand. See United States v. Shields, 133 Fed. App'x 60 (4th Cir. 2005) (No. 04-4389). For the reasons stated below, we affirm Shields' 120-month sentence.

Following a jury trial, Shields was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e)(1) (West 2000 & Supp. 2006) (Count One), but not guilty of possession of an unregistered shotgun, in violation of 26 U.S.C. §§ 5861(d), 5871 (2000) (Count Two). The court sentenced Shields under the mandatory federal sentencing guidelines and applied two enhancements based on facts found by a preponderance of the evidence. Specifically, the court increased Shields' base offense level by two under U.S. Sentencing Guidelines Manual § 2K2.1(b)(4) (2003), based upon its finding that the firearm had an obliterated serial number. Furthermore, the court increased the offense level an additional four levels under USSG § 2K2.1(b)(5), based upon its finding that Shields used or possessed the firearm in connection with another felony, namely felonious first degree kidnaping. Neither the fact of the obliterated serial number nor the commission of the felonious first degree kidnaping was found by the jury beyond a reasonable doubt.

With these two enhancements, Shields' offense level was 26. His criminal history category was VI, yielding a guideline range of 120 to 150 months in prison. USSG ch. 5, pt. A (sentencing table). Without the two enhancements, Shields'

- 2 -

guideline range would have been seventy to eighty-seven months in prison.  Id.  The district court sentenced Shields to 120 months in prison.  We affirmed Shields' conviction but vacated his sentence because the district court's factual findings upon which it increased Shields' offense level and his sentence violated United States v. Booker, 543 U.S. 220 (2005).

On remand, the district court determined that Shields' criminal history category was V instead of VI.  The court found that Shields' offense level was 26, rejecting Shields' objections to the two-level increase in offense level for the obliterated serial number and the four-level increase in offense level for using or possessing the firearm in connection with another felony. With a criminal history category of V and offense level of 26, Shields' advisory guideline range was 110 to 137 months' imprisonment. USSG ch. 5, pt. A (sentencing table).  Pursuant to USSG § 5G1.1(c)(1), however, the advisory guideline range became 110 to 120 months because Shields was subject to a ten-year statutory maximum sentence under 18 U.S.C. § 924(a)(2) (2000).

Although Shields presented evidence that he had cooperated with law enforcement and completed self-improvement classes since his conviction, the district court nevertheless sentenced Shields to 120 months' imprisonment, the top of the guideline range.  The court held that a greater sentence than 120 months was appropriate to meet the objectives of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), in light of what Shields did to the victim and because the court found that he brought in a witness

to testify falsely.  The court noted that 120 months was the highest sentence it could impose under the statute.  Shields appeals, arguing that his 120-month sentence is unreasonable because it is greater than necessary to achieve the objectives of § 3553(a) and that the record fails to show that the court gave adequate consideration to the § 3553(a) factors.

After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines.  See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  The court must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a), and impose a sentence.  United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).  A sentence within a properly calculated guideline range is presumptively reasonable.  United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, 126 S. Ct. 2309 (2006).  A defendant can only rebut that presumption by demonstrating that the sentence is unreasonable when measured against the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439).  While a sentencing court must explain the basis for its sentence, "a district court need not explicitly discuss every § 3553(a) factor on the record." United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 20, 2006) (No. 05-11659).

- 4 -

"Rather, the record must reflect that the court adequately and properly considered the § 3553(a) sentencing factors." Id.

Shields' 120-month sentence is within the properly calculated advisory guideline range and within the statutory maximum. In sentencing Shields, the district court adequately explained the basis for its sentencing decision, taking into consideration Shields' arguments. We find Shields' sentence to be reasonable. Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED